IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
10/27/2020
JEFFREY P. COLWELL, CLERK

Civil Action No. _____
(To be supplied by the court)

Katharine A. McIntyre (PRO SE)
_____, Plaintiff

v.

Anil Mereddy
_____,

Deepika Mereddy
_____,

Shiv Suraj Rental, LLC
_____,

_____, Defendant(s).

(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)

**COMPLAINT**

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.

### A. PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Katharine A. McIntyre   9457 S. University Blvd., #526  Highlands Ranch, CO. 80126
(Name and complete mailing address)

(720) 695-8790.  Kathy@coloradocareerproject.com
(Telephone number and e-mail address)

### B. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:   Anil Mereddy   14602 Tango Loop, Parker, CO. 80134
(Name and complete mailing address)

(303) 847-9594   amereddi@gmail.com
(Telephone number and e-mail address if known)

Defendant 2:   Deepika Mereddy     14602 Tango Loop, Parker, CO. 80134
(Name and complete mailing address)

(303) 619-7257   dmereddy@gmail.com
(Telephone number and e-mail address if known)

Defendant 3:   Shiv Suraj Rental, LLC.  14602 Tango Loop, Parker, CO. 80134
(Name and complete mailing address)

(303) 847-9594
(Telephone number and e-mail address if known)

Defendant 4:   _____
(Name and complete mailing address)

_____
(Telephone number and e-mail address if known)

2

**C.     JURISDICTION**

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

[X]     Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

Federal Fair Housing Act (1968) ;  Fair Housing Amendments Act (1988)
_____

_____

[ ]     Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of _____.

If Defendant 1 is an individual, Defendant 1 is a citizen of _____.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of _____ (name of state or foreign nation).

Defendant 1 has its principal place of business in _____ (name of state or foreign nation).

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

## D. STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: Reasonable Accommodations & Modifications: Disability Discrimination

Supporting facts:

1. Within email dialog on July 11, 2020, Defendants iterated their request to Plaintiff's Attorney, Ann England, that Plaintiff should take comprehensive photographs and/or videos of the entire residential premises in a way that featured a floor-to-ceiling coverage of architectural details. On July 11, Plaintiff declined the requested video (reported to Defendants on July 13 by Plaintiff's Attorney), again citing health concerns as a reason for non-compliance s since many heavy boxes needed to be moved in the process.

2. In August, Defendants again clarified their same request for photographs and videos, this time as a term of discussion regarding continued occupancy of Plaintiff.

3. Defendant's same demands were reiterated in multiple and continuous emails to Plaintiff, through their Attorney, despite her continuously citing health risks involved including mobility limitations, physical disabilities (including broken pelvis), visual impairments, and 67 years old.

4. Plaintiff additionally explained through her Attorneys Ann England and Mikaela Fatsinger, that she was packing boxes throughout the premises and could not physically lift boxes away from walls nor produce photographs or videos with "floor-to-ceiling coverage" with her degree of compromised vision and mobility limitations. Her performance of these tasks, however, remained detrimental to terms of occupancy in dialog with Defendants.

CLAIM TWO: Reasonable Accommodations & Modifications: Disability /Age & Health Discrimination

Supporting facts:

1. From June thru August, 2020, Defendants repeatedly demanded via email, text, and phone call, that Plaintiff physically meet with themselves and their real estate agents onsite at Plaintiff's residence. Defendants additionally requested that Plaintiff show the property to the general public, particularly prospective tenants and produce "floor to ceiling" presentation quality photos and videos while she was physically moving all her belongings and in the face of her expressed age of 67, physical disabilities, mobility limitations, and vulnerabilities to infectious diseases within the Covid-19 worldwide pandemic.

2. Defendants' requests persisted even after Plaintiff and Plaintiff's attorneys provided non-compliance responses and documentation that exempted Plaintiff from such requirements due to her age, physical disabilities, and vulnerability to Covid-19. Documentation included (provided to Defendants through Plaintiff's Attorneys, Ann England and Mikaela Fatsinger) Plaintiff's statement, Governor Jared Polis' extended "Stay at Home" social distancing mandates for persons 65+ years and older; and a specially-authored personal contact exemption letter from Susan Keithley, MS, CNM, with Tri-County Health Department on July 9, 2020, with the following discernment:   "...we believe that as an at risk individual, the order does allow you to refuse entry since it is recommended that you stay home to avoid contact with others..." Plaintiff's denials of Defendants' requests were incessant, discriminatory, harassing, and ultimately detrimental to her occupancy. On September 10, 2020 she was served eviction paperwork.

CLAIM THREE — Harassment: Incessant, Discriminatory, and improperly timed communications

Supporting facts:

1. From April, 2020 through July, Plaintiff was engaged by Defendants in multiple levels of harassment that included 6am phone texts; high volume multiple daily communications; incessant and repeated requests for Plaintiff actions for which she had already justifiably declined performance based upon age, health, disability, and mobility concerns; and denials to direct inquiries to her attorneys, Ann England and Mikaela Fatsinger. Defendants' discriminations against Plaintiff's health, wellbeing, and stated concerns were continual, fully informed and intentional, and expressed via phone, email, and phone text.

2. On July 6th at 6:37am, Defendants texted Plaintiff, awakening her to their message. Said Deepika Mereddy: "I would like to come down and take a video of home for showing the property to possible interested people..." On July 20 at 6:42am, Defendants again awoke Plaintiff to another text message: "Good morning. Any update on finding your new place?"

3. In the following weeks, Plaintiff's Attorneys Ann England and Mikaela Fatsinger were to make it clear on multiple occasions that they were to be the point of contact. However, on July 6, 2020, Deepika emailed what she felt was her expressed right to continue to contact Plaintiff anyway (emails continued to either directly address Plaintiff or "cc" her as a joint addressee).

4. On July 06, 2020, Defendant Anil Mereddy expressed his understanding of Plaintiff's expressed concerns regarding her health and desire to socially distance due to Covid-19. However, repeated requests for Plaintiff to confront Defendants and/or provide them photos and videos continued through early September, as negotiation terms of discussion.

5

### E. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

Plaintiff requests that the court find Defendants liable for Fair Housing disability and age discriminations. Plaintiff requests the court impose monetary damages of $55,000 plus court costs, legal fees, and where permissible, punitive damages against Defendants. Plaintiff requests this case serve as a public example regarding rights and propriety of age, disability, and mobility-inhibited individuals; and the sanctity of public regard for providing reasonable accommodations and modifications.

Defendants were grossly negligent and discriminatory, acting in callous disregard for Plaintiff's physical well-being and wherewithal to complete a gauntlet of Defendant-mandated, physically-demanding and unreasonable tasks, the absence of performance for which was detrimental to her economic, financial and residential conditions. Aside from Plaintiff's actual and expressed physical, age, and health limitations, Defendants maintained an informed knowledge of the improbability of their requests being completed, especially upon their foreknowledge that Plaintiff was additionally engaged in moving (additionally by Defendants' demands) within a pandemic.

### F. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

10/27/20
(Date)

(Revised December 2017)

6